_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-00021-FWS                                      Date: January 4, 2023
Title: In Re Debtor Mark Abbey Slotkin

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

  Melissa H. Kunig                                                        N/A
    Deputy Clerk                                                            Court Reporter

Attorneys Present for Appellant:                          Attorneys Present for Appellee:

   Not Present                                                              Not Present

**PROCEEDINGS: ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT [22]**

     Before the court is Debtor Mark Abbey Slotkin's ("Debtor") appeal of the bankruptcy court's order partially granting Trustee Elissa D. Miller's ("Trustee") Motion for Summary Judgment as to the First and Eighth Claims for Relief in the Complaint.  (Dkt. 22 ("Appeal").)  The Trustee opposes the appeal (Dkt. 37 ("Opposition" or "Opp.").)  The matter is fully briefed.  (Dkts. 22-30, 37-39.)  The court previously took this matter under submission.  (Dkt. 45.)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the state of the record, as applied to the applicable law, the court **AFFIRMS** the bankruptcy court's order granting of Trustee's Motion for Summary Judgment as to the First and Eighth Claims for Relief in the Complaint.

   **I.**   **Background**

     On February 25, 2020, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. (Supplemental Excerpts of Record ("SER"), Exh. Q at 338-50.)  On November 23, 2020, Trustee filed the Complaint.  (Excerpts of Record ("ER"), Vol. 1 at 13-286.)  The Complaint's First Claim

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-00021-FWS                                                                 Date: January 4, 2023
Title: In Re Debtor Mark Abbey Slotkin

for Relief is for declaratory relief that assets contained in various Trusts[1] and held by various entities are property of the Estate.  (*Id*.)  The Complaint's Eighth Claim for Relief seeks injunctive relief for turnover of estate property to be administered as assets of the Estate.  (*Id*.)  On October 5, 2021, Trustee filed a Motion for Partial Summary Judgment.  (ER, Vol. 3 at 860-900.)

On November 21, 2021, the bankruptcy court granted the First and Eighth Claims for Relief in favor of Trustee after a hearing.  (ER, Vol. 2 at 335-42.)  The bankruptcy court's order was supported by a separate document entitled Findings of Fact and Conclusions of Law in support of Motion for Summary Judgment Granting in part, Denying in part Motion For Summary Judgment. (*Id.* at 343-80.)  The bankruptcy court found that the assets were property of the Estate because: (1) the Debtor held an equitable interest in the Trusts and the Assets on the Petition Date, and (2) the Trusts were the alter egos of the Debtors.  (*Id*. at 335-80.)  Debtor now challenges the bankruptcy court's decision to grant summary judgment for Trustee on the First and Eighth Claims for Relief in the Complaint.  (*See generally* Appeal.)

**II.    Legal Standard**

District courts have jurisdiction to hear appeals from bankruptcy court final judgments, orders, and decrees.  *See* 28 U.S.C. § 158.  Such appeals are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."  *Id.* § 158(c)(2).  "[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals."  *In re Crystal Props.*, *Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001) (citation and internal quotation marks omitted).  The court "review[s] the bankruptcy court's conclusions of law de novo, and its findings of fact for clear error."  *In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022) (citation omitted).  The

---

[1] The Complaint lists the relevant Trusts as the 1997 Trust, 2010 Trust, 2012 Trust, Savannah Slotkin, Loren Marken as Trustee of 1997 Trust, Loren Marken as Trustee of 2010 Trust, Loren Marken as Trustee of 2012 Trust, To Be Named Trustee of 1997 Trust, To Be Named Trustee of 2010 Trust, To Be Named Trustee of 2012 Trust, 17841 Palora Manor LLC, 14257 Chandler Manor LLC, and 748 Detroit Manor LLC.  (*Id*.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-00021-FWS                                                                 Date: January 4, 2023
Title: In Re Debtor Mark Abbey Slotkin

court "may affirm on any ground fairly supported by the record." *In re Jimenez*, 613 B.R. 537, 543 (B.A.P. 9th Cir. 2020) (citing *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999)).

District courts review a bankruptcy court's decision to grant summary judgment de novo. *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). "An appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994)

### III.  Discussion

Debtor argues this appeal raises six questions: (1) whether the Bankruptcy Court erred in finding that the Trusts and the assets owned by the Trust are property of the Estate; (2) whether the Bankruptcy Court relied on any statements made in Debtor's separate state court action dissolution in concluding that the Debtor is the alter ego of the Trusts under California law; (3) whether the Trustee was collaterally estopped from claiming that the Debtor is the alter-ego of the Trusts; (4) whether the Bankruptcy Court erred in granting summary judgment by finding that the Trusts were the alter egos of Debtor; (5) whether the Bankruptcy Court erred in finding that there were no genuine issues of material fact in granting summary judgment; and (6) whether the Bankruptcy Court erred in entering a final order instead of recommendations to the district court. (Dkt. 22 at 1-2.)  For the reasons discussed below, the court **AFFIRMS** the bankruptcy court's order granting summary judgment on the First and Eighth Claims for Relief.

### a.  Relevant Bankruptcy Court Rulings

On December 21, 2021, the bankruptcy court issued findings of fact and conclusions of law in support of its order.  (ER, Vol. 2 at 343-80.)  These findings of fact and conclusions of law include the following:

1) In the Answer filed on September 21, 2021, Debtor "admitted . . . that this is a core matter and consented to the entry of final orders by the bankruptcy court in this adversary proceeding." (*Id*. at 346);

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-00021-FWS                                    Date: January 4, 2023
Title: In Re Debtor Mark Abbey Slotkin

___

2) On or about March 11, 2020, Debtor filed his Schedules and Statement of Financial Affairs and represented that he owns no real property and limited personal property, but did not disclose information about various limited liability companies for which he is the sole manager or *The Slotkin Family Children's Trust*.  (*Id*. at 347.)

3) Debtor admitted that money between the limited liability companies is commingled and that he is the sole person with signing authority on the bank accounts.  (*Id*. at 347.) (noting that "[t]he Debtor made judicial admissions that monies between Breakfront, LLC, Golden Oak Partners, LLC, Appian Way LLC ('Appian Way LLC'), Olympic Holdings LLC ("Olympic"), Clover Industrial Properties, LLC ("Clover") and Antiquarian Traders Inc. ("Antiquarian") are commingled, and that Breakfront, LLC, Golden Oak Partners, LLC, and Appian Way LLC do not have bank accounts . . . . The Debtor made admissions that he is the sole person with signing authority on the bank accounts for Olympic, Clover and Antiquarian . . . . These are the only bank accounts used by the Trusts.").

4) The bankruptcy court reviewed evidence establishing the interests held by the Trusts in the limited liability companies and the assets that they hold.  (*Id*. at 349-55.)

5) The bankruptcy court reviewed evidence establishing Debtor's control over and use of the assets of the Trusts and limited liability companies.  (*Id*. at 356-62) ("Debtor retains complete control of all assets contained in each of the Trusts and benefits from the use of these assets," "the Trusts do not have their own bank accounts and that the Trusts do not maintain segregated records," "Debtor is the sole person with signature authority on the bank accounts for Olympic, Clover and Antiquarian, and "Debtor at all times has managed and controlled each one of the LLCs and the Trusts" including directing transfers of properties between the limited liability companies.)

6) The bankruptcy court reviewed evidence that Debtor benefits from the Trusts, including by using the assets contained in the Trusts to pay for personal credit card debts, country club membership dues, and Debtor's personal vehicle.  (*Id*. at 362-65.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-00021-FWS                      Date: January 4, 2023
Title: In Re Debtor Mark Abbey Slotkin

7) As to the First Claim for Relief, the bankruptcy court found that summary judgment is appropriate because "(1) the Debtor maintains complete dominion and control over the Trusts, LLCs, Antiquarian and the Assets; (2) the Debtor holds an equitable interest in the Trusts and their assets, at all times treating the assets held by the Trusts as if they were his assets; and, (3) the Trusts are the Debtor's alter egos because the separateness of the Trusts, LLCs, Antiquarian and the Debtor ceased to exist and the adherence to the fiction of separateness promotes injustice."  (*Id*. at 369-79.)

8) As to the Eighth Claim for Relief, the bankruptcy court found that summary judgment is appropriate because: "all of the assets held by each of the Trusts directly and indirectly through the LLCs and Antiquarian, the Assets, are property of the Estate and "the Assets [should] be turned over to the Estate under 11 U.S.C. § 542(a)."  (*Id*. at 379-80.)

On February 2, 2022, the bankruptcy court denied Debtor's Motion to Stay the Court's December 21, 2021 Order Granting in Part and Denying in Part Trustee's Motion for Partial Summary Judgment Pending Appeal of the Court's Order.  (*See* SER, Exh. L at 249-59.)  In this order, the bankruptcy court mentioned several of the bases for its prior ruling, including:

1) The bankruptcy court did not rely on any findings made in Debtor's divorce proceedings and "made its own independent findings based on the evidence presented."  (*Id*. at 251.)

### b. The Court Affirms the Decision of the Bankruptcy Court

Based on a de novo review of the bankruptcy court's decision to grant summary judgment, the court affirms the decision of the bankruptcy court because, even viewing the evidence in the light most favorable to Debtor, there is no genuine issue of material fact as to the First and Eighth Claims and Trustee is entitled to judgment as a matter of law. *Boyajian*, 564 F.3d at 1090; *Jesinger*, 24 F.3d at 1130.

#### i. First and Eighth Claims for Relief

"In the context of trusts . . . equitable interest is traditionally sufficient to confer ownership rights.  Thus, under California law, trust beneficiaries hold an equitable interest in trust property

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-00021-FWS                                      Date: January 4, 2023
Title: In Re Debtor Mark Abbey Slotkin
_____

and are regarded as the real owner[s] of [that] property." *In re Schwarzkopf*, 626 F.3d 1032, 1039 (9th Cir. 2010) (citation and internal quotation marks omitted). *See also id*. ("[U]nder California law, equitable ownership in a trust is sufficient to meet the ownership requirement for purposes of alter ego liability."). Under the alter ego doctrine, an entity may be regarded as an alter ego of an individual when two elements are met: "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Associated Vendors, Inc. v. Oakland Meat Co*., 210 Cal. App. 2d 825, 837 (1962). Factors relevant to the alter ego analysis include "[c]ommingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses." *Id*. at 838.

Under the First Claim for Relief, Trustee sought a determination by the bankruptcy court that the assets contained in the Trusts and held by the limited liability companies controlled by Debtor are property of the Estate. (ER, Vol. 1, at 38-40.) Under this claim, the bankruptcy court determined that there was no genuine issue of material fact as to whether Debtor maintained equitable ownership of the Trusts at all times. (*See, e.g*., ER, Vol. 2 at 356-65) (applying *In re Schwarzkopf*, 626 F.3d at 1039 and relying on undisputed facts including that Debtor is the only person with signature authority on the relevant bank accounts, directs transfers of assets between the Trusts and limited liability companies, and uses these entities' assets for personal expenses such as restaurants, yoga classes, and a country club membership).

The bankruptcy court also determined that the assets are property of the Estate under an alter ego remedy after applying the two-prong test for alter ego liability and finding that 13 factors under a 24-factor test supported applying the alter ego remedy. (*See, e.g., id*. at 371-80) (applying *Associated Vendors*, 210 Cal. App. 2d at 837 and relying on undisputed facts including that Debtor commingles funds between the Trusts and limited liability companies and uses their assets to pay for personal expenses). Although Debtor suggests an alter ego remedy can never be determined on summary judgment (*see* Appeal at 27), the court is not persuaded by Debtor's argument. *See, e.g., Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1544 (9th Cir. 1988) (finding no genuine issue of material fact as to alter ego liability on summary judgment).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-00021-FWS　　　　　　　　　　　　　　　　　　Date: January 4, 2023
Title: In Re Debtor Mark Abbey Slotkin

_____

　　　Under the Eighth Claim for Relief, Trustee sought injunctive relief for turnover of all assets that are property of the Estate. (ER, Vol. 1, at 45.) 11 U.S.C. § 542, which governs turnover of property to a bankruptcy estate, provides that "an entity, other than a custodian. . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." *Id*. § 542(a). The bankruptcy court, having previously determined under the First Claim that the assets contained in the Trusts and held by the limited liability companies are property of the Estate, found the assets must be turned over under 11 U.S.C. § 542. (ER, Vol. 2 at 379-80.)

　　　In this case, after conducting a *de novo* review, the court concludes the bankruptcy court applied the correct legal standards and finds no clear error as to the bankruptcy court's findings of fact for the First and Eighth Claims for Relief. *See Jesinger*, 24 F.3d at 1130; *In re Boyajian*, 564 F.3d at 1090; *In re Baroni*, 36 F.4th at 965. Accordingly, the court **AFFIRMS** the bankruptcy court's decision granting summary judgment on the First and Eighth Claims for Relief.

### ii.  Remaining Issues on Appeal

　　　The remaining issues raised on appeal by Debtor do not alter the court's decision to affirm the bankruptcy court's findings and rulings. (Appeal at 2.)

　　　First, as for Debtor's argument that the bankruptcy court erroneously relied on statements made in Debtor's divorce proceedings, the court finds the bankruptcy court's decision is sufficiently supported by undisputed facts, and in any event, the bankruptcy court clarified in a later order that its ruling was unrelated to any divorce proceeding by Debtor. (*See* SER, Exh. L at 251.)

　　　Second, as for Debtor's argument that Trustee is collaterally estopped by Debtor's divorce proceeding from pursuing any bankruptcy claims, the court finds the elements of collateral estoppel are not sufficiently met here. *See In re Kelly*, 182 B.R. 255, 258 (9th Cir. BAP 1995) (the elements of collateral estoppel are that the issues are identical, the issue was actually litigated in a former proceeding, it was necessarily decided in a former proceeding, the decision in the former proceeding is final and on the merits, and the party against whom preclusion is sought is the same

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-00021-FWS                                      Date: January 4, 2023
Title: In Re Debtor Mark Abbey Slotkin

___

as or in privity with the party to the former proceeding).  (*Compare* ER, Vol. 5 at 1362-86 (divorce proceeding) *with* ER, Vol. 3 at 860-900 (Trustee's Motion).)

Third, the court finds the bankruptcy court did not err in entering a final order because, as noted in the bankruptcy court's December 21, 2021, ruling, Debtor admitted that the petition was a core proceeding under 28 U.S.C. § 157(b)(2)(A) and consented to the entry of final orders by the bankruptcy court.  (ER, Vol. 1 at 15; Vol. 2 at 318, 346.)

Accordingly, the court finds the bankruptcy court's judgment does not require reversal or remand on these issues.

## IV.   Disposition

For the reasons set forth above, the court **AFFIRMS** the bankruptcy court's order granting summary judgment on the First and Eighth Claims for Relief in favor of Trustee.  The Clerk is directed to close the case.

                                                                  Initials of Deputy Clerk:  mku

CC: BANKRUPTCY; BAP